### UNITED STATES DISTRICT COURT
### MIDDLE DISTRICT OF FLORIDA
#### ORLANDO DIVISION

ANGEL L. TORRES,

        Plaintiff,

v.                                                    Case No:   6:22-cv-1298-WWB-LHP

JIM ZINGALE, ANDREA
MORELAND, LISA VICKERS,
CLARK ROGERS, ANN COFFIN,
ANA SAAVEDRA, TIFFANY MOORE
RUSSELL, SUPPORT MAGISTRATES
OFFICE, STATE ATTORNEY'S
OFFICE, JUDITH ROMAN and
OFFICE OF CLERK OF COURT,

        Defendants

_____

### ORDER

    This cause came on for consideration without oral argument on the following

motion filed herein:

| | |
|---|---|
| **MOTION:** | **PLAINTIFF'S REQUEST FOR EMERGENCY MOTION FOR A TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION (Doc. No. 23)** |
| **FILED:** | **October 20, 2022** |

> **THEREON** it is **ORDERED** that the motion is **DENIED without prejudice**.

On July 22, 2022, Plaintiff Angel L. Torres, proceeding *pro se*, filed a civil rights complaint against numerous Defendants, several of whom appear to be state employees, officials, and/or agencies, alleging violations of his First, Fourth, Fifth, Sixth, Seventh, and Fourteen Amendment rights under 42 U.S.C. § 1983.   Doc. No. 1.   The allegations of the complaint are in narrative form and are difficult to follow, but it appears that Plaintiff is challenging a state child support judgment against him and the attempted enforcement of that judgment over the last several years. Doc. No. 1-1, at 1-2.   To date, counsel for three of the Defendants have filed notices of appearance, and one motion to dismiss remains pending.   Doc. Nos. 6, 9-10, 12.

On October 20, 2022, Plaintiff filed a document entitled "Plaintiff's Request for Emergency Motion for a Temporary Restraining Order and Preliminary Injunction."   Doc. No. 23.   In the motion, Plaintiff discusses his child support judgment, the attempts by Defendants to collect on that judgment, and requests "an injunction of financial relief of garnishment."   *Id.*, at 1-2.[1]   Given the nature of the

---

[1] With the motion, Plaintiff includes over eight pages discussing various amendments to the constitution and federal statutes, but without tying them to any of his claims for requested emergency relief.   Doc. No. 23, at 2-10.   Plaintiff also includes copies of three orders from the Ninth Judicial Circuit Court in and for Orange County, Florida, each of which deny various motions by Plaintiff, through which Plaintiff attempted to vacate the state child support orders. Doc. No. 23-1.   And in a separately filed supplement, Plaintiff provides a "Verification of Past Due Support Lottery Intercepts" and "Notice of Intent to Deduct Lottery Winnings" from the Florida

requests made, the Court construes the motion as an emergency motion for temporary restraining order pursuant to Federal Rule of Civil Procedure 65(b) and Local Rule 6.01.

Upon review, the motion is due to be denied without prejudice for the following reasons. First, pursuant to Local Rule 6.01, a motion for temporary restraining order must include: (1) "Temporary Restraining Order" in the title; (2) a precise and verified description of the conduct and the persons subject to restraint; (3) a precise and verified explanation of the amount and form of the required security; (4) a supporting legal memorandum; and (5) a proposed order. *See* Local Rule 6.01(a). Additionally, the required legal memorandum must establish (a) the likelihood that the movant ultimately will prevail on the merits of the claim; (b) the irreparable nature of the threatened injury and the reason that notice is impractical; (c) the harm that might result absent a restraining order; and (d) the nature and extent of any public interest affected. *See* Local Rule 6.01(b). While Plaintiff's motion does include "Temporary Restraining Order" in the title, the motion otherwise fails to satisfy these requirements. Doc. No. 23.

---

Department of Revenue Child Support Program, and a letter from the Florida Lottery. Doc. No. 25.

Second, the motion fails to comply with Federal Rule of Civil Procedure 65(b). Rule 65(b) permits a court to issue a temporary injunction only if "specific facts in an affidavit or verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition" and that the movant certifies in writing any efforts made to give notice and the reasons why it should not be required.   Fed. R. Civ. P. 65(b). Plaintiff's motion does not attach an affidavit or reference a verified complaint, nor does the motion contain written certification of what efforts were made to provide notice and/or why notice should not be required.   Doc. No. 23.

Third, to obtain a temporary restraining order or preliminary injunction, a movant must show: (1) a substantial likelihood of success on the merits; (2) an irreparable injury in the absence of the requested injunction; (3) a threatened injury that exceeds any injury to the non-moving party caused by the injunction; and (4) that public policy favors such an order.   *Dimare Ruskin, Inc. v. Del Campo Fresh, Inc.*, No. 8:10-cv-1332-SDM-AEP, 2010 WL 2465158, at *1 (M.D. Fla. June 15, 2010) (citing *Four Seasons Hotels & Resorts, B.V. v. Consorcio Barr, S.A.*, 320 F.3d 1205, 1210 (11th Cir. 2003)); *Schiavo ex rel. Schindler v. Schiavo*, 403 F.3d 1223, 1225–26 (11th Cir. 2005); *see also* M.D. Fla. L.R. 6.01, 6.02 (requiring a party requesting a temporary restraining order or preliminary injunction to submit a brief or memorandum

addressing these factors).   Plaintiff's motion does not adequately address these factors.[2]

For these reasons, the motion (Doc. No. 23) is both procedurally and substantively deficient, and it is **DENIED WITHOUT PREJUDICE.**   *See, e.g., Benson v. Hernando Cty. Sch. Dist. Bd.*, No. 8:21-cv-2060-CEH-AAS, 2021 WL 4050952, at *1–2 (M.D. Fla. Aug. 27, 2021) (denying plaintiff's motion, which was construed as a motion for temporary restraining order or preliminary injunction, for failing to abide by Local Rule 6.01 and Federal Rule of Civil Procedure 65, and for being substantively deficient); *Slayton v. Sec'y, Dept. of Corrs,* No. 8:21-cv-873-KKM-AAS, 2021 WL 2156223, at *3–4 (M.D. Fla. May 27, 2021) (denying without prejudice plaintiff's "motion for protection," which was construed as a "temporary restraining order," for failure to establish the elements of a claim for temporary restraining order, and for failure to comply with Local Rule 6.01 and Federal Rule of Civil Procedure 65); *David Boggs, LLC v. Soltis*, No. 6:18-cv-687-Orl-37GJK, 2018 WL 3860176, at *1–2 (M.D. Fla. May 4, 2018) (denying without prejudice motion for

---

[2] The Court also questions whether subject matter jurisdiction exists over this matter.   *See Lawton v. Rosen*, 559 F. App'x 973 (11th Cir. 2014) (dismissing challenge to state court child support judgment for lack of subject matter jurisdiction under the *Rooker-Feldman* doctrine); *Trimble v. U.S. Soc. Sec.*, 369 F. App'x 27, 31–32 (11th Cir. 2010) (dismissing challenge to a state garnishment order in a child-support case for lack of subject matter jurisdiction under the *Rooker-Feldman* doctrine). However, given that the present motion is entitled as an "Emergency," the Court addresses the merits of the present motion only, and the Court does not speak as to whether subject matter jurisdiction exists at this time.

temporary restraining order and preliminary injunction for failure to comply with substantially similar prior version of Middle District of Florida Local Rules and Federal Rule of Civil Procedure 65(b)).   *See also Moon v. Newsome*, 863 F.2d 835, 836 (11th Cir. 1989) (A *pro se* litigant "is subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure."), *cert. denied*, 493 U.S. 863 (1989). Any renewed motion must comply with the standards and rules discussed in this Order, and establish that this Court has subject matter jurisdiction over the dispute.[3]

      **DONE** and **ORDERED** in Orlando, Florida on October 24, 2022.

LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties

---

    [3] The Court notes that the motion also was not signed.   The Court has elected to rule on the motion in this one instance, but Plaintiff is reminded that all filings must be signed.