# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

ANGEL L. TORRES,

      Plaintiff,

v.                                                           Case No:   6:22-cv-1298-WWB-LHP

JIM ZINGALE, ANDREA
MORELAND, LISA VICKERS,
CLARK ROGERS, ANN COFFIN,
ANA SAAVEDRA, TIFFANY MOORE
RUSSELL, SUPPORT MAGISTRATES
OFFICE, STATE ATTORNEY'S
OFFICE, JUDITH ROMAN and
OFFICE OF CLERK OF COURT,

      Defendants

## ORDER

This cause came on for consideration without oral argument on the following

motion filed herein:

| | |
|---|---|
| **MOTION:** | **MOTION REQUESTING DEFAULT JUDGMENT FOR FAILURE TO RESPOND TO THE COMPLAINT (Doc. No. 43)** |
| **FILED:** | **February 9, 2023** |

**THEREON** it is **ORDERED** that the motion is **DENIED without prejudice**.

Plaintiff, appearing *pro se*, has filed a motion seeking default judgment against several Defendants, including Jim Zingale, Andrea Moreland, Lisa Vickers, Clark Rogers, Ann Coffin, Tiffany Moore Russell, Support Magistrate's Office, State Attorney's Office, Clerk of Court, and Judith Roman.   Doc. No. 43.   Upon review, however, the request for default judgment is premature, as Plaintiff has not obtained a Clerk's default against these Defendants pursuant to Federal Rule of Civil Procedure 55(a).   *See, e.g., Awgi, LLC v. Team Smart Move, LLC*, No. 6:12-cv-948-Orl-22DAB, 2012 WL 12904224, at *1 (M.D. Fla. Sept. 28, 2012), *report and recommendation adopted*, 2012 WL 12904225 (M.D. Fla. Oct. 4, 2012) (citation and quotation marks omitted) ("[T]he clerk's entry of default must precede an application for default judgment.").   *See also* Doc. No. 39.

To the extent that the motion could be construed as a request for Clerk's default under Rule 55(a), the motion is also due to be denied without prejudice. Rule 55(a) provides, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."   Fed. R. Civ. P. 55(a).   Before a Clerk's default can be entered against a defendant, however, the Court must determine that the defendant was properly served.   *See, e.g., United States v. Donald*, No. 3:09-cv-147-J-32HTS, 2009 WL 1810357, at *1 (M.D. Fla. June 24, 2009) (citations omitted).

Here, Plaintiff's motion fails to comply with Local Rule 3.01(a) because it does not include a memorandum of legal authority in support.  *See* Doc. No. 43. Relatedly, while Plaintiff has provided what he claims is proof of service (Doc. No. 42-1; Doc. No. 42-2), the present motion also fails to address whether service of process on each of the Defendants was proper.  *See id.*  Accordingly, Plaintiff's Motion (Doc. No. 43) is **DENIED without prejudice**.  A renewed motion for Clerk's default, which shall be filed on or before **February 24, 2023**, must address service of process on each of the Defendants against which Plaintiff seeks default, and establish, with citation to legal authority, that service of process as to each of these Defendants was proper.

Failure to comply with this Order may result in the dismissal of these Defendants from the case without further notice.  *See also* Doc. No. 39.

**DONE** and **ORDERED** in Orlando, Florida on February 10, 2023.

_____
LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties