FILED

UNITED STATES DISTRICT COURT
2023 APR 24  PM 2:41
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CLERK, US DISTRICT COURT
MIDDLE DISTRICT FLORIDA
ORLANDO, FL

ANGEL L. TORRES,

       Plaintiff,

v                           Case No.: 6:22-cv-01298-WWB-LHP

JIM ZINGALE, ANDREA MORELAND,

LISA VICKERS, CLARK ROGERS,

ANN COFFIN, TIFFANY MOORE RUSSELL,

SUPPORT MAGISTRATES OFFICE,

STATE ATTORNEY'S OFFICE, CLERK OF COURT,

and JUDITH ROMAN,

Defendants.

_____/

## PLAINTIFF'S UNOPPOSED FIFTH MOTION TO AMEND THE COMPLAINT AND DEMAND FOR A JURY TRIAL AND INJUNCTION WITH INCORPORATED LEGAL BASIS AND DEPARTMENT OF JUSTICE MEMORANDOM

### JURISDICTION AND VENUE

This Honorable Court has subject-matter jurisdiction under 28 USC § 1331

and   28 USC § 1343.

### COMPLAINT

Plaintiff Angel L. Torres Sr. appearing as pro se, has filed a lawsuit

1

in this Honorable Court on July 22, 2022, brought against the above 10

defendants and all having been properly served immediately after. For

"Violations of Civil Rights" under 42 U.S. Code § 1983, "Color Of Law"

18 U.S. Code § 242 and The False Claims Act (FCA), 31 U.S.C. §§ 3729 -

3733. Plaintiff alleges as follows:

## STATEMENT OF FACTUAL ALLEGATIONS

1. Plaintiff's First Amendment has been violated.

   (a) Defendants; Support Magistrate's Office, State Attorney's Office,

   Clerk Of Court denied Plaintiff's right to freedom of speech and right

   to petition for a redress of grievances.

2. Plaintiff's Fourth Amendment has been violated.

   (a) Defendants; State Attorney's Office, Orange County Clerk of

   Court, Support Magistrate's Office & The Department of Revenue

   committed unlawful seizure.

3. Plaintiff's Fifth Amendment has been violated.

   (a) Defendants; Support Magistrate's Office, State Attorney's Office,

   Orange County Clerk of Court & Department of Revenue failed to

   inform Plaintiff of individual safeguards of self incrimination, and

   also deprived Plaintiff of life, liberty and property, without Due

   Process of Law.

4. Plaintiff's Sixth Amendment has been violated.

   (a) Defendants; Support Magistrate's Office, State Attorney's Office,

Clerk of Court denied Plaintiff's right to comfront his accuser, denied

counsel, denied right to be heard, denied right to be present at trial.

5.   Plaintiff's Seventh Amendment has been violated.

    (a)   Defendants; Support Magistrates Office, State Attorney's Office

    & Orange County Clerk of Court denied Plaintiff's right of common

    law distinguishing civil claims to be heard by a jury and by a Judge.

6. Plaintiff's Fourteenth Amendment has been violated.

    (a)   Defendants; Support Magistrates Office, State Attorney's Office,

    Orange County Clerk of Court made and enforced law that abridged

    the privileges and immunity of the Plaintiff who is a citizen

    of the United States.

    (b)   Plaintiff was deprived of life, liberty, and property

    without due process of law within its jurisdiction to the equal

    protection of the laws.

7.   Plaintiff's rights have been violated under The Color Of Law by the

following Defendants; Jim Zingale, Andrea Moreland, Lisa Vickers, Clark

Rogers, Ann Coffin & Tiffany Moore Russell.

    (a)   Defendants received Cease & Desist Order prior to lawsuit.

    (b)   Defendants were left phone messages or mailed certified letters

    prior to lawsuit by Plaintiff in order to find a resolution to the harm

    being caused.

8.   Defendant Judith Roman's statements to the State Attorney's Office about

the Plaintiff were false and defamatory violating The False Claims Act (FCA), 31 U.S.C 3729-3733

    (a)  Defendant refused to accept Plaintiff's voluntary support of his children, and also stated that Plaintiff's support was not wanted.

    (b)  Defendant chose to conceal said children from Plaintiff thus denying him the right to take part in their life, to provide love, guidance & welfare.

    (c)  Defendant denied the Plaintiff the right to raise his children in private, with full knowledge of Plaintiff's whereabouts at all times prior to being forcibly entered into the IV-D program.

    (d)  Defendant & Plaintiff's adult children emancipated in 2013, and Plaintiff has never waived his rights, Plaintiff has been paying child support since 2010.

## **LEGAL BASIS**

1.  **Blessing vs. Freestone, 520 U.S. 329 (1997)** So that States may receive Federal funding when they shall implement and develope the Title IV-D program. The Title IV-D program was not intended to benefit individual children and custodial parents, and therefore it does not constitute a Federal right. It is not an entitlement, It is for the Secretary to measure the system wide performance of the State's Title IV-D program. Not for the needs of any particular person have been satisfied - **Mother and Child**.

4

2.  **Butz vs. Economou, 438 U.S. 478, 506, (1978),** United States vs. Lee, 106 U.S. at 220, (1882) A governing principle of our constitutional democracy is that "[all] the officers of the government from the highest to the lowest, are creatures of the law, and are bound to obey it." No man in this country is so high that he is above the law, No officer of the law may set that law at defiance with immunity.

3.  **Michael Taylor vs. Robert Riojas,** California States Court of Appeals Decided November 2, 2020. 'Thus even without our intervention, qualified immunity would not be availiable in any further case. It is time for an overhaul of qualified immunity".   New Mexico and New York have banned qualified immunity.

4.  **U.S. vs. Sage, 92 F.3D 101 (2D Cir. 1996),** The Child Support recovery Act-1992 is invalid as it goes beyond the constitutional power of Congress to enact. Child Support agreements are equivalent to interstate commercial contracts and rejecting the idea that child support payment obligations are somehow "different" - student loans or car notes.
*Note, that The State's Title IV-D program can be expanded across state territories to demand payments from parents who are labeled as obligors, (not from fathers).

5.  **Holmberg vs. Holmberg, 588, 2D, 720 (1999),** Issue: To allow

5

Administrative Law Judge to modify district court child support orders which violates the separation of powers doctrine and thus is unconstitutional. **Result:** Child Support statute in Florida violates the separation of powers doctrine, it permitted child support officers to practice law. Therefore, the statute is unconstitutional. **Importance:** Child Support is not a judicial process but an administrative tribunal. Child Support order has no appeal.

6. **Carelli vs. Howser, No. 90-3340 (1990),** **Issue:** Mothers arguments that the public is the intended beneficiary of Title IV-D for both AFDC and non-AFDC. Money should go to them and not the State. **Result:** Mothers are not the intended beneficiaries of the statute, such as they have no constitutional right to maintain a section §1983 action for alleged violations. **Importance:** Secretary of Health and Human Services oversight power foreclosures a section §1983 remedy.

7. **Wehunt vs. Ledbetter, 875 F. 2D (1989),** **Issue:** Mothers of AFDC children to require the State to enforce the provisions of Title IV-D of the Social Security Act, 42 U.S.C. §651. **Result:** The AFDC program is a contractual agreement and is funded by both, with the Federal government making payments to the State programs. **Importance:** According to statute for the program it does not require that a State spend $100 to collect $50.

8. **The Supreme Court of The UNITED STATES COURT** stated;

6

It is through Lawsuits against State officers that State compliance with
Federal Law is achieved. [T]he availiability of prospective relief of the sort
awarded in Ex Parte Young gives life to the supremacy clause. There can be
no doubt that Title 42 [§1983] was intended to provide a remedy, to be
broadly construed, against all forms of official violation of Federally
protected rights. **Mondell v. New York City Dep't of Social Services, 436
U.S. 658, 700-701 (1978).**

### 9.   **Constitution; Article I   Legislative Branch**

Section 10 Powers Denied States; Clause 1 Proscribed Powers
No State shall enter into any Treaty, Alliance, or Confederation; grant
Letters of Marque and Reprisal; coin Money; emit Bills of Credit; make any
Thing but gold and silver Coin a Tender in Payment of Debts; pass any Bill
of Attainder, ex post facto Law, or Law impairing the Obligation of
Contracts, or grant any Title of Nobility. Known as the Contract Clause,
imposes certain prohibitions on the states. These prohibitions are meant to
protect individuals from intrusion by State governments, and to keep the
states from intruding on the enumerated powers of the U.S. Federal
government. **Importance:**   The IV-D program is a non-positive Federal law
program being administered by the State of Florida county Court, by non-
Judge's whom are part of the executive branch not judiciary. Then are being
signed off by an actual Judge whom the individual have never appeared
before.

7

10.  **Private Individuals, §1983 Liability**;

1.  A private individual may be subject to §1983 liability "if he or she willfully colaborated with an official State actor in the deprivation of the Federal right. **"Dwares vs. City of New York, 985 F.2D 94 2D Cir.1983"**.

      (a)   An agreement between a State actor and a private party;

      (b)   To act in concert to inflict an unconstitutional injury;

      (c)   An overt act done in furtherance of that goal causing damages.

2.  **Ciambriello vs. County of Nassau, 292 F. 3d 307, 324-25 (2d Cir. 2002), Dwares vs. City of New York, 985 F. 2d 94, 98 (2d Cir. 1993).**

      (a) Immunity is lost even where State officials are administering a Federally funded program, the State officials are still acting under the Color of State law. See, **Tongol v. Usery, 601 F. 2d 1091, 1097 (9th Circuit, 1979).**

      (b)   All hearings and orders issued by a non-judicial Court employee (NYS Trial Court Rules 205.32). Administrative procedures under the executive branch of government can not create and enforce "Court Orders", pursuant CPLR 5016 and FCA 460, and 28 USC 1691. This violates the 14th Amendment and Due Process of Law, and Due Process of Law is the law of the land.

11.  **Florida Statute 409.2564**

(a)   Actions for support (4) Whenever the Department of Revenue has undertaken an action for enforcement of support, the Department of Revenue may enter into an agreement with the obligor for the entry of a judgement determining paternity, if applicable, and for periodic child support payments based on the child support guidlines schedule in s.61.30.

(b)   Before enering into this agreement without the payment of any fees or charges, and the Court upon entry of the judgement, shall forward a copy of the judgement to the parties to the action. Child Support non-jurisdiction Statute, August 13th 1888. 25 Stat. at L. 433, chap. 866 (U.S. Comp. Stat. 1901, p. 433 nor shall any circuit or district Court have cognizance (Take Jurisdiction) of any suit, except upon foreign bills of exchange, to recover the contents of any promissary note or other chose in action in favor of any assignee (State), or of any subsequent holder (State Agency) if such instrument be payable to the bearer (Holder/State Agency/Bank), and be not by any corporation, (You Must Be a Corporation), unless such suit might have been prosecuted in such Court to recover the said contents if no assignment or transfer had been made; and the circuit courts shall also have appellate jurisdiction from the district courts under the regulations and restrictions prescribed by law.

12.   **Franconia Associates v. United States, 536 U.S. 129 (2002)** held,

"First, the requirement that the government unequivocally waive it's sovereign immunity is satisfied here because, once the United States waives

9

immunity and does business with it's citizens, it does so much as a party never cloaked with immunity.

And in **Clearfield Trust Co. v. United States 318 U.S. 363-371**

"Whereas defined pursuant to Supreme Court Annotated Statute, "Governments descend to the level of a mere private corporation, and take on the characteristics of a mere private citizen...where private corporate commercial paper (Federal Reserve Notes) and securities (checks) is concerned... For purposes of suit, such corporations and individuals are regarded as since entities entirely separate from government. "these government bodies are not Sovereign, they can not promulgate or enforce Criminal Laws; they can only create and enforce Civil Laws, which are duty bound to comply with the "Law of Contracts".

The Law of Contracts requires signed written agreements and complete transparency. CSEA, DCF, does not have immunity because they are a corporation with customers who charge a fee. It provides a service, advertises and has a mission statement, judicial and personal immunity is lost. CSEA and DCF operates in commerce, it takes in money as a profit corporation and is registered as so.

"Silence can only be equated with fraud where there is a legal and moral duty to speak, or where an inquiry left unanswered would be intentionally misleading... **"U.S. v. Tweel 550 F. 2d 297, 299"**, See also

10

**U.S. v. Prodden 424 F. 2d 1021, 1032; Carmine v. Bowen, 64 A, 932.**

\*Attached is a copy of the **U.S. Department of Justice/Civil Rights Division** memorandum dated March 14, 2016, that discusses the abuses and unconstitutional practices State and local courts enforce violating citizens Civil Rights.

### PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff Angel L. Torres Sr. as Pro Se, prays that this Honorable Court grant the following relief:

1. Plaintiff is seeking $50,000 for Civil Rights Violations.

2. Plaintiff is seeking $50,000 for Punitive Damages for unconstitional incarceration and for continued present day abuse of power.

   a. The forementioned incarceration was also what caused the Plaintiff to fall behind even further, not being able to provide support due to the circumstances of not being able to recover quickly.

   b. The incarceration caused a two year homelessness hardship that was dealt with while physically injured, while seeking assistance from Social Security for service connected injuries that the Veterans Administration had denied benefits for.

3. Plaintiff also Demands a Jury Trial.

4. Plaintiff is also seeking an injunction from any further obligations of Child Support with a full reimbursement of garnishments from 2013 to present day.

11

## PARTIES

The Plaintiff Angel L. Torres Sr. appearing as Pro Se, has worked and has resided within the State of Florida since 1990.

Defendants;   Jim Zingale, Andrea Moreland, Lisa Vickers, Clark Rogers, Ann Coffin, Tiffany Moore Russell, The Support Magistrate's Office, State Attorney's Office, The Orange County Clerk of Court and Judith Roman also work and reside within the State of Florida.

## STATEMENT

Plaintiff Angel L. Torres Sr. as Pro Se, comes now before this Honorable Court seeking resolution in this matter. Plaintiff was forcibly entered into the IV-D Child Support program, this was not because Plaintiff was unwilling to support his children in private. It was due to false & defamatory statements that were made when entered into the program.

Plaintiff fully respects structure and laws when they are used properly and accordingly, unfortunately Plaintiff was ultimately denied speech, counsel, safeguards, property, due process, freedom, life & liberty. But most importantly Plaintiff was denied the right to provide love, care, guidance & the raising of his children, whom are strangers to Plaintiff because of the acts of concealment and deprivation by Defendants.

Plaintiff's two older children & the two adult children in this matter seek each other, for that Plaintiff is grateful to God. Two older children that Plaintiff raised and supported in private even tho they lived far away.

12

The justice system is in place to protect the law abiding, and to punish the criminals while being impartial & fair.

Plaintiff is and has been a law abiding citizen his entire life, but yet feels as if he was criminalized and punished just for having wanted to have been part of his childrens lives. Plaintiff has been punished twice, once by false & defamatory statements having been made, and twice for Civil Rights having been violated by the enforcement departments of record.

Plaintiff's Final Order was dated in 2010, and Plaintiff has been under garnishment control ever since. Plaintiff was told in 2013 when application of modification was requested by Plaintiff, that it would never change unless the Plaintiff's circumstances changed. January 2022 the Final Order was changed mysteriouly to the full amount it used to be when the children were minors, and for ten years Plaintiff had been paying the Final Order's arrears payment amount of $43.00 per month. Once children emancipated all balances owed became arrears. Payment amounts were changed to $485.00 and Final Order was changed also without Due Process. And the courts have had full control of garnishments of the Final Order, arrears amount of Final Order was changed without Due Process or any change in circumstances. The Orange County Clerk Court (Child Support Department) have added thousands of dollars to what was originally owed by the Plaintiff.

13

Since this lawsuit was filed, paperwork has been illegally changed within the court on my case in county. The Orange County Clerk of Court has concealed and has added certain facts that were mentioned within this lawsuit. Plaintiff has repeatedly been denied access to a higher court.

For the record, the Plaintiff's youngest child of the two in this matter of child support is 28 years old. The Plaintiff has suffered many years of mental anguish and humiliation throughout this whole egregious process of strong arm government involvement. The Plaintiff is fully willing and capable of proving this case before this Honorable Court.

4/24/23

Respectfully submitted,

Angel L. Torres Sr.
201 Freedom Dr.
Frostproof, Fl. 33843
863-845-4970
Email:Knuckle311@yahoo.com

14

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on February 8th. 2023 I mailed the foregoing document by First Class Mail to the following Defendants, State Attorney's Office and Support Magistrate's Office representing Attorney Ivy Pereira Rollins at Assistant Attorney General 3507 E. Frontage Road, Suite #150 Tampa, Florida 33607.   Tiffany Moore Russell and Clerk of Court Office, Jim Zingale, Andrea Moreland, Lisa Vickers, Clark Rogers, Ann Coffin, Judith Roman's representing Attorney Nicolas Shannin at 425 Orange Ave. Orlando, Fl. 32801.