# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

ANGEL L. TORRES,

      Plaintiff,

v.                                                                                                          Case No:   6:22-cv-1298-WWB-LHP

JIM ZINGALE, ANDREA
MORELAND, LISA VICKERS,
CLARK ROGERS, ANN COFFIN,
TIFFANY MOORE RUSSELL,
SUPPORT MAGISTRATES OFFICE,
STATE ATTORNEY'S OFFICE,
JUDITH ROMAN and OFFICE OF
CLERK OF COURT,

      Defendants

## ORDER

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** **DEFENDANT STATE ATTORNEY'S OFFICE'S MOTION TO STAY DISCOVERY REQUIREMENTS AND INCORPORATED MEMORANDUM OF LAW (Doc. No. 98)**
>
> **FILED:** September 18, 2023
>
> ---
>
> **THEREON** it is **ORDERED** that the motion is **GRANTED**.

Plaintiff Angel L. Torres, appearing *pro se*, initiated this action on July 22, 2022 with the filing of a complaint against the 11 above-named Defendants raising claims under 42 U.S.C. § 1983 related to state court proceedings concerning Plaintiff's child support obligations. Doc. No. 1. Since that time, only three Defendants have appeared in this case: the State Attorney's Office, the Office of Clerk of Court, Child Support Department, and Tiffany Moore Russell, Orange County Clerk of Court. *See* Doc. Nos. 6–7, 9–10, 12; *see also* Doc. No. 37, at 4; Doc. No. 102, at 2, n. 1. To date, Plaintiff has filed multiple amended complaints. *See* Doc. Nos. 57, 59, 77. The operative pleading is the second amended complaint, filed on July 10, 2023. Doc. No. 77.

On July 24, 2023, Defendant State Attorney's Office moved to dismiss the second amended complaint both as a shotgun pleading and on the basis that Plaintiff's claims are barred by Eleventh Amendment immunity. Doc. No. 82. Defendants Orange County Clerk of Court and Tiffany Moore Russell subsequently joined in the motion. Doc. Nos. 84, 100. And Plaintiff filed a response in opposition to the motion to dismiss. Doc. No. 85. *See* Doc. No. 86. On September 28, 2023, the undersigned issued a Report and Recommendation (Doc. No. 102) recommending that the Court: (1) grant in part and deny in part Defendants' motion to dismiss; (2) dismiss Plaintiff's second amended complaint as a shotgun pleading without further leave to amend; and (3) terminate all other

pending motions and close the case file. Doc. No. 102. Plaintiff has filed objections to the Report and Recommendation (Doc. No. 103), and both the Report and Plaintiff's objections remain pending before the Court.

On September 18, 2023, prior to the issuance of the Report and Recommendation, Defendant State Attorney's Office filed the above-styled motion to stay discovery. Doc. No. 98. Pursuant to the Case Management and Scheduling Order, discovery is now open and the discovery deadline is July 5, 2024. Doc. No. 87. Defendant State Attorney's Office represents that on September 8, 2023, Plaintiff served requests for production and interrogatories, and given the arguments raised in the motion to dismiss, Defendant State Attorney's Office argues that a stay of discovery pending final resolution of the motion to dismiss is appropriate. Doc. No. 98, at 2–3. In his response, Plaintiff states, in conclusory fashion, that a stay of discovery is not warranted, and would be "highly prejudicial to the Plaintiff." Doc. No. 99, at 3. Plaintiff then spends the remainder of his opposition discussing in general terms sovereign immunity and procedural due process. *Id.*, at 4–7.

Motions to stay discovery are not favored and are not ordinarily granted when the discovery sought may be necessary to defend against the motion or when the motion may not dispose of the entire case. *Hovermale v. School Bd. of Hillsborough County, Fla.*, 128 F.R.D. 287, 289 (M.D.Fla.1989). Additionally, in

deciding whether to stay discovery pending resolution of a motion to dismiss, the Court must balance the harm produced by a delay in discovery against the possibility that the motion will be granted and entirely eliminate the need for such discovery. *Feldman v. Flood*, 176 F.R.D. 651, 652 (M.D. Fla. 1997). To engage in this balancing test, it is helpful for the Court to "take a preliminary peek at the merits of the allegedly dispositive motion to see if on its face there appears to be an immediate and clear possibility that it will be granted." *Id.*

Here, the Court has done more than take a "preliminary peek" at the motion to dismiss. The undersigned has issued a Report and Recommendation that the motion be granted, that Plaintiff's second amended complaint be dismissed without leave to amend, and that the case be closed. Doc. No. 102. And while the undersigned takes no position on the merits of Plaintiff's objections to that Report and Recommendation, at present there appears to be an immediate and clear possibility that Defendants' motion to dismiss will be granted. Moreover, other than a conclusory reference to prejudice, Plaintiff fails to explain the harm that will occur if a brief stay is granted while the Court resolves the motion to dismiss.

Thus, upon consideration of the parties' arguments, the undersigned finds Defendant State Attorney's Office's motion to stay discovery (Doc. No. 98) well taken, and the motion is **GRANTED.** It is **ORDERED** that all discovery in this case is hereby **STAYED** pending the Court's ruling on Defendants' motion to

- 4 -

dismiss (Doc. No 82; *see also* Doc. No. 102).  *See Panola Land Buyers Ass'n v. Shuman*, 762 F.2d 1550, 1560 (11th Cir. 1985) ("[A] magistrate has broad discretion to stay discovery pending decision on a dispositive motion.").  *See also Keegan v. Minahan*, Case No. 23-60501-CIV, 2023 WL 3778248, at *2 (S.D. Fla. May 18, 2023) (granting stay of discovery pending resolution of motion to dismiss that argued, among other things, that the complaint was a shotgun pleading); *McClamma v. Remon*, Case No. 8:12-cv-2557-T-33MAP, 2013 WL 1502190, at *2 (M.D. Fla. Apr. 12, 2013) (granting stay of discovery pending resolution of motion to dismiss that raised threshold questions of immunity).

If appropriate, the parties shall file a motion to reopen discovery within **fourteen (14) days** after entry of an order on the motion to dismiss.

**DONE** and **ORDERED** in Orlando, Florida on October 24, 2023.

_____
LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties